## Case No. 16,169.

### UNITED STATES v. RITTER et ux.

[3 Cranch, C. C. 61.] 1

Circuit Court, District of Columbia. Dec. Term, 1826.

ADMINISTRATION BONDS—NECESSARIES FURNISHED.

In an action upon the administration-bond, to recover a distributive share of the estate, the administrator may retain for necessaries furnished to the distributee.

Debt on the administration-bond; breach, in not paying Ann Moxley's distributive share of the estate of John Lyon, deceased. The defendants [Peter Ritter and wife] claimed to retain for her board and education.

Mr. Swann, for plaintiffs, contended that if the defendants had been guardians they would not have been allowed more than the income of the estate unless previously authorized so to do by the orphans' court. As administrators, they had no right to make advances on account of the distributive share. The guardian was the proper person to provide for the support and education of the distributee. See the Maryland testamentary law of 1798 (chapter 101, § 12).

Mr. Key, contra, said it was not a set-off; it was payment in advance of the distributive share; and the administrator may in his discretion make such advances, either to the guardian, or to the distributee, and may retain therefor. Dale v. Sollet, 4 Burrows, 2133.

1 [Reported by Hon. William Cranch, Chief Judge.]

THE COURT said, that as this was a suit against the defendants, as administrators, and not as guardians, the law of Maryland, limiting the expenses of guardians to the income of the estate, did not apply; and that the defendants might retain for necessaries furnished to the distributee, according to her estate, condition, and circumstances.

Verdict for the defendants.